**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

REEFEDGE NETWORKS, LLC,        )
                               )
          Plaintiff,           )
                               )        C.A. No. 12-1042-LPS
     v.                        )
                               )        **FILED UNDER SEAL**
ARUBA NETWORKS INC. and DELL INC.,  )
                               )
          Defendants.          )
_____)
                               )
REEFEDGE NETWORKS, LLC,        )
                               )
          Plaintiff,           )
                               )
     v.                        )        C.A. No. 12-1043-LPS
                               )
CISCO SYSTEMS, INC.,           )
                               )
          Defendant-Counterclaimant.  )
_____)
                               )
REEFEDGE NETWORKS, LLC,        )
                               )
          Plaintiff,           )
                               )
     v.                        )        C.A. No. 12-1044-LPS
                               )
MERU NETWORKS, INC.,           )
                               )
          Defendant-Counterclaimant.  )
_____)
                               )
REEFEDGE NETWORKS, LLC,        )
                               )
          Plaintiff,           )
                               )
     v.                        )        C.A. No. 12-1143-LPS
                               )
ADTRAN INC.,                   )
                               )
          Defendant.           )
_____)

REEFEDGE NETWORKS, LLC,            )
                                   )
            Plaintiff,             )
                                   )
v.                                 )      C.A. No. 12-1149-LPS
                                   )
BROCADE COMMUNICATIONS SYSTEMS )
INC.,                              )
                                   )
            Defendant.             )
                                   )

REEFEDGE NETWORKS, LLC,            )
                                   )
            Plaintiff,             )
                                   )
v.                                 )      C.A. No. 12-1674-LPS
                                   )
MERAKI, INC.,                      )
                                   )
            Defendant.             )

|  |  |  |
|---|---|---|
| | ) | |
| REEFEDGE NETWORKS, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 13-412-LPS |
| | ) | |
| JUNIPER NETWORKS INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**OPENING BRIEF IN SUPPORT OF PLAINTIFF REEFEDGE NETWORKS, LLC'S
MOTION FOR PROTECTIVE ORDER PREVENTING DISCLOSURE OF
PRIVILEGED INFORMATION**

Dated:  July 16, 2014

Brian E. Farnan (Bar No. 4089)
Michael J. Farnan (Bar No. 5165)
919 N. Market Street, 12th Floor
Wilmington, Delaware 19801
(302)777-0300
bfarnan@farnanlaw.com

Marc A. Fenster (admitted pro hac vice)
Andrew D. Weiss (admitted pro hac vice)
Paul A. Kroeger (admitted pro hac vice)
RUSS, AUGUST & KABAT
12424 Wilshire Boulevard, 12th Floor
Los Angeles, CA 90025-1031
(301) 826-7474
mfester@raklaw.com
aweiss@raklaw.com
pkroeger@raklaw.com

*Attorneys for Plaintiff*
*ReefEdge Networks, LLC*

## Table of Contents

Page(s)

I.   INTRODUCTION. ...................................................................................................1

II.   SUMMARY OF ARGUMENT. ................................................................................2

III.   FACTUAL BACKGROUND. ....................................................................................3

    A.    ReefEdge Hired IPNav To Provide Strategic Advisory Services To ReefEdge. .....................................................................................................3

    B.    Defendants' Questions At The Deposition Of ReefEdge. ...............................3

    C.    Defendants' Deficient Meet And Confer Efforts. ...........................................4

IV.   ARGUMENT................................................................................................................5

    A.    All Of The Information Sought By Defendants Was Either Already Disclosed Or Is Privileged Information Exchanged Between Commonly-Interested Parties ReefEdge And IPNav. ..................................................6

        1.    Question 1:  Why do you believe IP Nav [evaluated the strength of the asserted patents in this litigation prior to filing the first wave of lawsuits?].  ReefEdge Answered This Question. ........................................6

        2.    Question 2:  [H]ave you had any communications or discussions with IP Nav about the prior art identified by the Defendants in this litigation?  This Question Seeks Privileged Information. ..........................7

        3.    Questions 3, 4 and 5 Seek Privileged Information About Damages Models Prepared By ReefEdge And IPNav. ..............................................7

        4.    Question 6:  "Have you, sir, on behalf of ReefEdge, ever rejected any proposed settlement terms that IP Nav was recommending ReefEdge accept?"  ReefEdge Responded To The Non-Privileged Portion Of This Question. ..........................................................................9

        5.    Question 7:  "Do you remember a specific settlement agreement settling before [sic] wherein you had a conversation about the amount with IP Nav?"  This Question Is Non-Sensical And Seeks Information Already Provided. .................................................................9

    B.    Sharing Privileged Information Between ReefEdge And IPNav Does Not Waive The Privilege, Even If Attorneys Were Not Present Or Participating In The Exchange. ..........................................................................10

        1.    Communications Between ReefEdge And IPNav, Without Both Sides' Attorneys Present, To Advance The Common Interest Does Not Waive Privilege. ...................................................................................11

        2.    There Should Be No Attorney Participation Requirement For The Common Interest Doctrine To Apply. .....................................................13

    C.    Defendants Are Not Entitled To Further Deposition Time With ReefEdge..........15

V.   CONCLUSION...........................................................................................................17

**Table of Authorities**

Page(s)

## Cases

*Hunydee v. United States*,
  355 F.2d 183 (9th Cir. 1965) ........................................................................... 13

*IBM v. Sperry Rand Corp.*,
  44 F.R.D. 10 (D. Del. 1968) ............................................................................. 16

*In re Grand Jury Subpoenas*,
  902 F.2d 244 (4th Cir. 1990) ........................................................................... 10

*In re Regents of the Univ. of Cal.*,
  101 F.3d 1386 (Fed. Cir. 1996) ....................................................................... 12

*In re Teleglobe Commc'ns Corp.*,
  493 F.3d 345 (3d Cir. 2007) ..................................................................... passim

*In re Tribune Co.*,
  No. 08-13141 KJC, 2011 Bankr. LEXIS 299 (Bankr. D. Del. Feb. 3, 2011) ........... 12

*Intellectual Ventures I LLC v. Altera Corp.*,
  C.A. 1:10-cv-01065-LPS (D. Del.) ................................................................... 11

*Leader Techs., Inc. v. Facebook, Inc.*,
  719 F. Supp. 2d 373 (D. Del. 2010) ................................................................. 12

*Louisiana Mun. Police Employees Ret. Sys. v. Sealed Air Corp.*,
  253 F.R.D. 300 (D.N.J. 2008) ......................................................................... 13

*Magnetar Techs. Corp. v. Six Flags Theme Park Inc.*,
  886 F. Supp. 2d 466 (D. Del. 2012) ................................................................. 16

*Rembrandt Techs., L.P. v. Harris Corp.*,
  2009 Del. Super. LEXIS 46 (Del. Super. Ct. Feb. 12, 2009) ............................... 12

*Robinson v. Texas Auto. Dealers Ass'n*,
  214 F.R.D. 432 (E.D. Tex. 2003) ..................................................................... 12

*Serrano v. Chesapeake Appalachia, LLC*,
  298 F.R.D. 271 (W.D. Pa. 2014) ..................................................................... 13

*Smithkline Beecham Corp. v. Apotex Corp.*,
  232 F.R.D. 467 (E.D. Pa. 2005) ....................................................................... 11

*U.S. v. BDO Seidman, LLP*,
  492 F.3d 806 (7th Cir. 2007) ........................................................................... 10

*Walker Digital, LLC v. MySpace, Inc., et al.*,
  C.A. No. 11-318-LPS (D. Del.) ......................................................................... 11

## Rules

Federal Rules of Civil Procedure 26(b)(5)(B) ........................................................... 15

Plaintiff ReefEdge Networks, LLC ("ReefEdge") hereby moves for a protective order preventing the disclosure of ReefEdge's privileged information exchanged between commonly interested parties ReefEdge and IP Navigation Group ("IPNav").

## I.    INTRODUCTION.

The Court should grant a protective order preventing Defendants from taking discovery into privileged information.  Defendants assert that ReefEdge must respond to seven deposition questions seeking privileged information about, among other things, ReefEdge's analyses of Defendants' asserted prior art and potential damages models.  Defendants are entitled to no such relief.  Some of the questions about which Defendants contend they were denied responses were answered in full during the deposition.   The remaining questions seek responses that will disclose privileged or work product information.  No non-privileged information is responsive.  For example, Defendants' second question seeks disclosure of discussions about prior art cited by Defendants in this litigation.  Most such discussions involved attorneys for both ReefEdge and IPNav and involved privileged and work product information.  Defendants are not entitled to the requested testimony.

Although none of the questions at issue are properly phrased to seek such information, Defendants assert that privilege has been waived for any information shared between ReefEdge and IPNav where attorneys for both sides did not perform (or direct or guide) the sharing.  Defendants' position is inconsistent with multiple rulings from this Court addressing this exact issue as well as rulings from other Courts both in this District and beyond.  Furthermore, the only case cited by Defendants, *In re Teleglobe Commc'ns Corp.*, 493 F.3d 345 (3d Cir. 2007), does not support Defendants' position.  *Teleglobe* only discussed the common interest doctrine in dicta and is not as restrictive as Defendants suggest.  Finally, the policy underlying the common interest doctrine – to encourage free and efficient cooperation among parties with a common

interest – is contradicted by the form over substance attorney participation requirement advocated by Defendants.  As long as the communication is made in furtherance of the common interest, the disclosure of privileged information between ReefEdge and IPNav, regardless of an attorney's direct participation, should not be waiver.

## II.    SUMMARY OF ARGUMENT.

ReefEdge moves for a protective order preventing Defendants from obtaining answer to seven deposition questions identified by Defendants.  For two of the questions, Defendants obtained full responses at the two-day deposition of ReefEdge.  ReefEdge has no knowledge as to a third question.  For the remaining four questions, the questions seek privileged information that is protected from discovery.  Indeed, some of the questions on their very face seek privileged information received directly from ReefEdge's counsel.

Defendants' waiver argument should be rejected.  It is undisputed that ReefEdge and IPNav share a common interest in the outcome of this litigation.  Defendants argue that the common interest doctrine only protects communications directly exchanged between attorneys or communications that were "directed or guided" by the attorneys.  The precedent from this Court, as well as other Courts in this District and beyond, contradict Defendants' purported attorney participation requirement.  Defendants' attorney participation requirement is nothing more than form over substance and creates an unnecessary "gotcha" that makes it difficult for commonly interested parties to efficiently work together.  A better analysis, which has been adopted by other Courts, is to analyze whether a communication relayed privileged information and whether the communication was for the purpose of furthering the common interest.  The information sought by Defendants meets both of these requirements and no waiver has occurred.  Accordingly, the Court should grant a protective order regarding these questions to prevent the disclosure of privileged information.

## III. FACTUAL BACKGROUND.

### A. ReefEdge Hired IPNav To Provide Strategic Advisory Services To ReefEdge.

On July 16, 2012, ReefEdge hired IPNav to provide advisory services to ReefEdge. Weiss Decl.[1] Ex. A (the "Advisory Services Agreement"). Among other things, IPNav agreed to

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

*Id.* at REEF_004815. To ensure the most successful relationship possible, the Advisory Services Agreement includes ████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

Dodd Decl.[2] at ¶ 2.

### B. Defendants' Questions At The Deposition Of ReefEdge.

The deposition of Steven L. Dodd, in both his personal capacity and as a corporate representative for ReefEdge, was conducted by Defendants on June 19 and 20, 2014. During the over 10 hours of deposition, Defendants asked Mr. Dodd the following questions[3]:

---

[1] "Weiss Decl." refers to the Declaration Of Andrew D. Weiss In Support Of Plaintiff ReefEdge Networks, LLC's Motion For Protective Order Preventing Disclosure Of Privileged Information, filed concurrently.

[2] "Dodd Decl." refers to the Declaration Of Steven L. Dodd In Support Of Plaintiff ReefEdge Networks, LLC's Motion For Protective Order Preventing Disclosure Of Privileged Information, filed concurrently.

[3] The formulation of the questions adopts the format used by Defendants in their letter brief of June 26, 2014 (D.I. 175 of the *Aruba* action).

1. ████████████████████████████████████████████████

   ████████████████████████████████

2. "[H]ave you had any communications or discussions with IP Nav about the prior art identified by the Defendants in this litigation?"

3. "[D]id you have any discussions with IP Nav regarding a Defendant's exposure or potential exposure?"

4. "[S]ince filing the lawsuits has either ReefEdge or anyone acting on behalf of ReefEdge prepared an overview of any of the accused infringers' business?"

5. "Has ReefEdge or anyone acting on [behalf] of ReefEdge including IP Nav or [Russ, August, and Kabat] prepared an estimate of any of the infringers' revenue?"

6. "Have you, sir, on behalf of ReefEdge, ever rejected any proposed settlement terms that IP Nav was recommending ReefEdge accept?"

7. "Do you remember a specific settlement agreement settling before [sic] wherein you had a conversation about the amount with IP Nav?"

Weiss Decl. Ex. B at 69:19-70:10, 74:11-20, 76:11-16, 78:12-18, 80:19-81:2, 118:14-24, 175:4-10.  Counsel for ReefEdge instructed Mr. Dodd not to answer Questions 2-7 because they either expressly sought privileged information or were so broadly drawn that there was a great risk the witness might disclose privileged information.  *Id.*  Defendants made no efforts to narrow their questions to seek non-privileged information (even under Defendants' theory) or to establish that the privilege objections were improper.

      **C.**    **Defendants' Deficient Meet And Confer Efforts.**

      As the Court is aware, Defendants raised this issue via letter brief with the Court less than four business days after the completion of ReefEdge's deposition.  The Court ordered Defendants to meet and confer with ReefEdge to determine whether there was a compromise resolution to

this dispute, including, if possible, a resolution that did not involve requiring Mr. Dodd to reappear for further questioning.

The Court-Ordered meet and confer took place on July 2, 2014. The only compromise proposed by Defendants was effectively the relief sought in Defendants' June 26, 2014 Letter Brief (D.I. 175 of the *Aruba* action):  ReefEdge agree to make Mr. Dodd available again for in-person deposition and grant Defendants 3 additional hours of deposition of ReefEdge/IPNav/Symantec.  (The compromise was that Defendants would withdraw their demand for travel and lodging costs).  Weiss Decl. Ex. C.  ReefEdge, on the other hand, made a number of proposals, including responding to interrogatories or written questions.  *Id.* Defendants rejected every proposal; Defendants indicated that they would "not be made whole" unless Mr. Dodd appeared for additional deposition.  *Id.*  Because Defendants had not yet finalized the list of questions they believed were improperly objected to, Defendants also promised to provide a final list of the objections they believed were inappropriate by July 3, 2014.  *Id.*  Defendants confirmed that the original seven questions identified were the only questions Defendants were moving on.  Weiss Decl. Ex. D.

## IV.   ARGUMENT.

During the parties' meet-and-confer discussions after the Court's Order, Defendants explained their position to have two basic components: First, Defendants contend that the specific questions at issue did not necessarily call for the witness to reveal the substance of otherwise protected material (either attorney-client communications or attorney work-product). Second, Defendants contend that even if the underlying substance of the communications would reveal otherwise protected material, any applicable privilege or protection was waived unless attorneys for both ReefEdge and IPNav were either directly involved in the communications or the communications were "directed or guided by counsel."  As to the first issue, having now

5

understood Defendants' concerns, ReefEdge can confirm that as to each of the questions at issue, Mr. Dodd was not able to provide any information that would not reveal the substance of protected material.  As to the second issue, Defendants assertion of waiver is contrary to the applicable law, including this Court's prior rulings on this precise issue and numerous prior decisions both in this District and elsewhere.

### A. All Of The Information Sought By Defendants Was Either Already Disclosed Or Is Privileged Information Exchanged Between Commonly Interested Parties ReefEdge And IPNav.

The seven questions identified by Defendants seek privileged information that ReefEdge learned either from its attorneys or seek privileged information that was shared by IPNav with ReefEdge.  Defendants chose not to explore much of the relevant foundational information regarding these issues during Mr. Dodd's deposition.  Nonetheless, the attached declaration from Mr. Dodd confirms that he has no information responsive to each question that would not reveal privileged and/or work-product information if he were compelled to answer further.  In one instance, Defendants mischaracterize the record, as they were able to obtain substantive answers to the question they contend was blocked by an instruction.

### 1. Question 1: ███████████████████████ ███████████████████  ███████  **ReefEdge Answered This Question.**

Defendants identified the question above in their June 26 letter brief as one subject to an allegedly improper instruction.  The deposition transcript reveals that Defendants actually received full testimony on this particular question.  ReefEdge responded to the question as well as follow-up questions, revealing the full extent of ReefEdge's limited knowledge:





Weiss Decl. Ex. B at 70:5-72:7.  As ReefEdge testified during the deposition, Mr. Dodd confirms

that ReefEdge has no additional information to disclose.  Dodd Decl. at ¶ 3.

**2.    Question 2:  [H]ave you had any communications or discussions with IP Nav about the prior art identified by the Defendants in this litigation?  This Question Seeks Privileged Information.**

Question 2 identified by Defendants seeks privileged information.  ReefEdge believes

that most communications or discussions with IPNav regarding prior art involved counsel for

ReefEdge and counsel for IPNav.  Dodd Decl. at ¶ 4.  All conversations between ReefEdge and

IPNav would have unavoidably revealed privileged and work product information learned by

ReefEdge from its counsel.  *Id.*  And, all prior art analysis performed by IPNav was performed at

the direction of and guidance of counsel for ReefEdge.  *Id.*  There is no non-privileged

information to disclose in response to this question.

**3.    Questions 3, 4 and 5 Seek Privileged Information About Damages Models Prepared By ReefEdge And IPNav.**

Questions 3, 4 and 5 all seek the same type of damages model information:

3.  "[D]id you have any discussions with IP Nav regarding a Defendant's exposure or potential exposure?"

4.  "[S]ince filing the lawsuits has either ReefEdge or anyone acting on behalf of ReefEdge prepared an overview of any of the accused infringers' business?"

5.  "Has ReefEdge or anyone acting on [behalf] of ReefEdge including IP Nav or [Russ, August, and Kabat] prepared an estimate of any of the infringers' revenue?"

All work regarding the damages model(s) developed for this litigation is inherently based on privileged communications and counsel's work product.  Such privileged information includes, for example, counsel's internal evaluation of the strength of a case against a particular defendant and counsel's strategy as to how to approach damages and settlement for each defendant.

With respect to Question 3, discussions regarding Defendants' exposure have of course taken place.  Dodd Decl. at ¶ 5.  The contents of such discussions, however, are inextricably based on privileged information learned from counsel about the strength and strategy for each case.  *Id.*  Further, many of these discussions have taken place with ReefEdge's counsel and IPNav's counsel present.  *Id.*

With respect to Questions 4 and 5, these questions expressly seek information prepared by counsel (Russ, August & Kabat).  On their face, these questions seek privileged communications.  Unlike the other questions addressed in this Motion, these questions are also not limited to communications with IPNav to which Defendants incorrectly argue waiver applies.

8



**4.       Question 6:  "Have you, sir, on behalf of ReefEdge, ever rejected any proposed settlement terms that IP Nav was recommending ReefEdge accept?"  ReefEdge Responded To The Non-Privileged Portion Of This Question.**

Similarly, ReefEdge believes that whether IPNav recommends a particular proposed settlement is inextricably based on ReefEdge privileged information and, likely, the assessment of IPNav's own counsel.  *Id.*

**5.       Question 7:  "Do you remember a specific settlement agreement settling before [sic] wherein you had a conversation about the amount with IP Nav?"  This Question Is Non-Sensical And Seeks Information Already Provided.**

This question makes little sense.  It is not clear what Defendants are asking.  However, based on Defendants' use of "[sic]," it appears that Defendants are suggesting that "settling before" is a mistake and that the question is about conversations with IPNav about settlement amounts. ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇.  Weiss Decl. Ex. B at 173:25-175:2.  Defendants already have the information sought by this question.

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████

**B.**     **Sharing Privileged Information Between ReefEdge And IPNav Does Not Waive The Privilege, Even If Attorneys Were Not Present Or Participating In The Exchange.**

There is no dispute that a common interest exists between ReefEdge and IPNav as to this litigation.  Accordingly, ReefEdge and IPNav may share privileged information with each other without waiving the privilege.  ████████████████████████████

████████████████████████  █████████████  ████████████████

███████████████████████████████████████████████

█████████

Courts commonly describe the common interest doctrine as applying in the following limited circumstance:  "where the parties undertake a joint effort with respect to a common legal interest, and the doctrine is limited strictly to those communications made to further an ongoing enterprise."  *U.S. v. BDO Seidman, LLP*, 492 F.3d 806, 815-16 (7th Cir. 2007).  As long as this requirement is met, "the common defense doctrine does not contract the attorney-client privilege."  *Id.*  The rationale for the common interest doctrine (like the joint defense doctrine) is that "persons who share a common interest in litigation should be able to communicate with their respective attorneys ***and with each other*** to more effectively prosecute or defend their claims."  *In re Grand Jury Subpoenas, 89-3 & 89-4, John Doe 89-129 (Under Seal)*, 902 F.2d 244, 249 (4th Cir. 1990) (emphasis added).

       **1.      Communications Between ReefEdge And IPNav, Without Both Sides' Attorneys Present, To Advance The Common Interest Do Not Waive Privilege.**

As long as the communication is made to advance the common cause (here, the success of this litigation), there should be no waiver of privilege in communications between ReefEdge and IPNav.  It is well-accepted that when privileged information is shared between employees in the same company (such as from a vice president to an employee to collect documents), such a communication is not a waiver.  *E.g.*, *Smithkline Beecham Corp. v. Apotex Corp.*, 232 F.R.D. 467, 477 (E.D. Pa. 2005).  The same result should occur here.

Defendants argue that communications between two commonly interested parties that share otherwise privileged communications or protected attorney work-product create a waiver of the applicable privilege or protection unless 1) the communications were between attorneys for the commonly-interested parties (and not any other representatives of those parties) or 2) the communications were "directed or guided" by counsel for the commonly-interested parties. Defendants' argument conflicts with numerous decisions, including decisions by this Court, by other Courts in this District, and by many other Courts.

Courts addressing this issue regularly refuse to import an attorney participation requirement into the common-interest protection of privileged communications.  This Court previously expressly rejected an attorney participation requirement when considering precisely the same factual relationship at issue here – an advisory relationship between a patent holder and IPNav:

> [T]here need not be an attorney directly involved in each and every communication between IP Navigation and Walker Digital in order for the common interest still to apply in order for the non-waiver impact for the common interest privilege to apply.

Weiss Decl. Ex. E at 39:24-40:18 (transcript from *Walker Digital, LLC v. MySpace, Inc., et al.*, C.A. No. 11-318-LPS (D. Del.); *see also Intellectual Ventures I LLC v. Altera Corp.*, C.A. 1:10-cv-01065-LPS (D. Del.), D.I. 415 at 12 (attached as Weiss Decl. Ex. F) (rejecting arguments similar to those brought by Defendants to find a common interest between plaintiff and an unrepresented third party).

Other Courts similarly hold that, as long as the communications are related to the common interest, attorneys need not be involved in the communications to avoid waiver of privilege.  For example, in *In re Tribute Co.*, the Court rejected arguments similar to those brought by Defendants:

> The DCL Plan Proponents argue that the Noteholders' proposal to limit 'common interest communications' to those prepared by lawyers limits artificially the community of interest privilege and would needlessly increase legal costs by requiring parties to funnel all communications through their attorneys. They contend that the appropriate inquiry is whether the subject matter of the communication at issue would be protected by the attorney-client or work product privilege but for its disclosure to a party with the common interest. I agree. The Noteholders' proposal to limit common interest communications to attorney-prepared communications is too restrictive.

*In re Tribune Co.*, No. 08-13141 KJC, 2011 Bankr. LEXIS 299, at *23 (Bankr. D. Del. Feb. 3, 2011).  *See also, e.g., Leader Techs., Inc. v. Facebook, Inc.*, 719 F. Supp. 2d 373, 376 (D. Del. 2010) (Farnan, J.) ("Communications between clients and attorneys allied in a common legal cause remain protected because it is reasonable to expect that parties pursuing common legal interests intended resultant disclosures to be insulated from exposure beyond the confines of the group." (internal quotation marks omitted) (citing *In re Regents of the Univ. of Cal.*, 101 F.3d 1386, 1389 (Fed. Cir. 1996)); *Rembrandt Techs., L.P. v. Harris Corp.*, 2009 Del. Super. LEXIS 46, at *23-26 (Del. Super. Ct. Feb. 12, 2009) (applying *Teleglobe* to find that the common interest protected communications between the patent holder and its "patent assertion team"); *Robinson v. Texas Auto. Dealers Ass'n*, 214 F.R.D. 432, 453 (E.D. Tex. 2003) ("the joint defense

12

privilege will apply if the communication is disclosed by either the attorney or the client, and the communication is disclosed only to persons with a common legal interest or their attorneys"); *Louisiana Mun. Police Employees Ret. Sys. v. Sealed Air Corp.*, 253 F.R.D. 300, 310 (D.N.J. 2008) (applying common interest privilege to protect documents transferred between buyer and seller companies, without making any distinction as to whether the documents were transferred by the attorneys or by their respective clients); *Serrano v. Chesapeake Appalachia, LLC*, 298 F.R.D. 271, 284 (W.D. Pa. 2014) ("[A]s long as the communications were made in the course of these parties' common interest and they were undertaken in furtherance of that joint undertaking, they continue to be protected by the privileges."); *Hunydee v. United States*, 355 F.2d 183, 185 (9th Cir. 1965) (overturning district court by finding that joint defense privilege extended to conversation between co-defendant attorney and non-client defendant).

The coextensive nature of the common interest doctrine and the privilege doctrine also makes sense from a policy perspective.  The common interest doctrine (and joint defense doctrine) allow parties to work as if they are the same party rather than separate parties.  An attorney participation requirement frustrates the ability of the parties to work fluidly and efficiently together.  Rather than allowing for free discourse between commonly interested parties to achieve their common interest, an attorney participation requirement requires the commonly interested parties use their attorneys as mouth-pieces regardless of the efficiency or logic of such a procedure.  This type of form-over-substance requirement is not usually found when applying privilege doctrines (which usually favor substance over form) does not further the policy of free exchange between commonly interested parties.

   2.   **There Should Be No Attorney Participation Requirement For The Common Interest Doctrine To Apply.**

In their original letter brief to the Court, Defendants argued that the common interest doctrine *only* protects "communications between attorneys of the commonly-interested parties." D.I. 175 of the *Aurba* action at 2 (citing *In re Teleglobe Commc'ns Corp.*, 493 F.3d 345, 364 (3d Cir. 2007)).   During the July 2, 2014 meet and confer, Defendants retreated from their original position; instead, Defendants argued that the common interest non-waiver doctrine only applies if (1) the communications involved attorneys for both sides; or (2) the communications were "directed or guided by counsel for both sides."  Both of Defendants' proposals are problematic.

During the parties' meet-and-confer discussions, Defendants indicated that they relied for their position on the Third Circuit's *Teleglobe* decision.  *See* 493 F.3d at 364.  *Teleglobe* simply does not impose the requirements for which Defendants argue, and Defendants' reliance on it is misplaced.  *Teleglobe* did not involve an application of the common interest doctrine.  *Teleglobe* involved a "twist on a classic corporate divorce story" where Company A was divorcing an acquired Company B.  *Id.* at 352.  The dispute revolved around privileged communications with counsel representing the later adverse parties as common clients when they were part of the same parent company.  *Id.* at 353.  As to third parties (like the instant case), "[e]veryone agrees that the attorney-client privilege protects these documents against third parties."  *Id.* at 352.  *Teleglobe*'s passing reference to the common interest doctrine was mere dicta unrelated to the actual decision.   Furthermore, *Teleglobe* did not set the hard and fast rule originally suggested by Defendants.   Rather, *Teleglobe* indicated that "[s]haring the communication directly with a member of the community *may* destroy the privilege."  *Id.* at 364 (emphasis added).   The purpose of this requirement, according to *Teleglobe*, is to prevent *post-hoc* justification for improper disclosures.  *Id.* at 365.

14

The concern raised in *Teleglobe* does not apply here.  The common interest doctrine is not being used as a *post-hoc* justification.  Rather, ████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

██████████████████████████

Defendants' broader proposal to include communications "directed or guided by counsel for both parties" is also improper.  This language is not reflected in *Teleglobe*, the only case relied on by Defendants to date.  In addition to being unsupported, the proposal also makes no sense.  In many situations, only one conversation participant is directing or guiding the conversation.  For example, if ReefEdge, as directed by its counsel, called IPNav's attorney to provide privileged information, IPNav's attorney would not be directing or guiding the conversation.  As a result, under Defendants' proposal, such a communication would create waiver.  However, if ReefEdge's counsel had called IPNav's attorney, the common interest would have extended the privileged nature of the communication.  This form-over-substance proposal is not consistent with the case law cited above or with the policy expressed by *Teleglobe*.

Rather than adopt Defendants' approach, the Court should adopt the approach it and other Courts have taken in the past.  The Court should center the analysis on whether the communication discloses privileged information and is made for the purposes of furthering the common interest among the parties.

### C.    Defendants Are Not Entitled To Further Deposition Time With ReefEdge.

Defendants are not entitled to additional deposition time with ReefEdge.  As clearly demonstrated above, some of the questions (Questions 1 and 7) have already been answered on the record.  The remaining questions could not be answered either because ReefEdge has no

responsive information or because the answer would disclose privileged information.   Dodd Decl. at ¶¶ 2-8.   As discussed above, the common interest doctrine protects privileged information exchanged between ReefEdge and IPNav, and there has been no waiver of the applicable privileges and protections.[4]

Even if the Court determines that some form of the attorney participation requirement is appropriate, this principle should only find that such disclosures would waive privileged on a going-forward basis.   Here, ReefEdge and IPNav clearly relied upon the common-interest doctrine to permit sharing otherwise privileged communications.   Their conduct does not evince any intent to waive applicable privileges or protections.   At best, Defendants argue that ReefEdge should be subjected to a "gotcha" waiver despite the clear precedent from this Court and other Courts.   "Waiver, however, generally must be clear and intentional."   *Magnetar Techs. Corp. v. Six Flags Theme Park Inc.*, 886 F. Supp. 2d 466, 483 (D. Del. 2012) (Thynge, MJ) (citing *IBM v. Sperry Rand Corp.*, 44 F.R.D. 10, 13 (D. Del. 1968)); *see also* Fed. R. Civ. Proc. 26(b)(5)(B) (protecting against inadvertent waiver by outlining procedure for return of inadvertently produced privileged documents).   If the Court determines that disclosures of otherwise privileged or protected information between commonly interested parties should waive the underlying privilege if the communications are not between attorneys or "directed or guided" by attorneys, such a principle should only apply to future communications, not to past

---

[4] Defendants also should not receive additional deposition time with ReefEdge because their questions seek irrelevant information.  For example, questions 4 and 5 seek information regarding overviews of Defendants' general business and revenue, regardless of the infringing aspects of Defendants' business.  This testimony has no relevance to this litigation.  When asked during the meet and confer about the relevance of the questions in issue in this Motion, Defendants asserted that they did not need to show the relevance of their questions.  Weiss Decl. at ¶ 8.

communications where the parties relied upon a different understanding of the relevant scope of the doctrine.

Finally, if the Court is inclined to deny some or all of the relief sought in this Motion, an in-person deposition is not necessary.  The identified questions are on limited, discrete topics that can be answered through a few well-crafted interrogatories or written questions once the bounds of any potential waiver have been defined by the Court.

## V.       CONCLUSION

For the reasons discussed above, ReefEdge's request for a protective order should be granted.

Dated:  July 16, 2014                                    Respectfully submitted,

                                                         FARNAN LLP

                                                         /s/ Brian E. Farnan_____
                                                         Brian E. Farnan (Bar No. 4089)
                                                         Michael J. Farnan (Bar No. 5165)
                                                         919 N. Market Street, 12th Floor
                                                         Wilmington, Delaware 19801
                                                         (302)777-0300
                                                         bfarnan@farnanlaw.com

                                                         Marc A. Fenster (admitted pro hac vice)
                                                         Andrew D. Weiss (admitted pro hac vice)
                                                         RUSS, AUGUST & KABAT
                                                         12424 Wilshire Boulevard, 12th Floor
                                                         Los Angeles, CA 90025-1031
                                                         (301) 826-7474
                                                         mfester@raklaw.com
                                                         aweiss@raklaw.com

                                                         *Attorneys for Plaintiff*
                                                         *ReefEdge Networks, LLC*

17